IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE ETHRIDGE,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | **4:25CV3046**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's Partial Motion to Dismiss. (Filing No. 6.) For the reasons explained below, the motion will be granted.

**FACTS**

Plaintiff's Complaint is brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (Filing No. 1.) Plaintiff maintains that Defendant discriminated against him on the basis of disability when it ordered him to undergo a fitness-for-duty examination, issued workplace restrictions on him, and/or failed to accommodate those restrictions. (Filing No. 1.) The Complaint alleges as follows:[1]

Plaintiff worked for Defendant as a Signalman in 2022 and suffered a transient ischemic attack ("TIA"), otherwise known as a mini-stroke. (Filing No. 1.) Defendant "identified" that Plaintiff had suffered a TIA and assessed restrictions against him on that basis. (Filing No. 1.) Plaintiff "recovered completely, to the point he was released without restrictions by his doctors," but Defendant "refused to reinstate him, claiming his TIA put him at an unacceptably high risk of sudden incapacitation." (Filing No. 1.)

[1] The Court accepts the factual allegations set out in Plaintiff's Complaint as true—as it must—for purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant had adopted a 1% risk tolerance policy for sudden incapacitation for "safety sensitive" positions and when deciding whether to apply this policy to Plaintiff, Defendant did not examine him, consult his physicians, or consult an independent medical expert. (Filing No. 1.) "To the extent [Plaintiff's] stroke caused an increased risk of sudden incapacitation, it would be because of structural changes to the brain caused by his stroke." (Filing No. 1.) If Defendant had tried to determine the extent to which Plaintiff was at an increased risk of sudden incapacitation, Defendant would have learned that Plaintiff "is likely at less a risk of sudden incapacitation than your average railroader." (Filing No. 1.) "To the extent restrictions were warranted, which they were not, they could have been accommodated." (Filing No. 1.)

At all relevant times, Plaintiff was "disabled within each of the ADA's definition of the word" and Plaintiff "is a qualified individual within the meaning of the ADA." (Filing No. 1.)

## STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *McDonough v. Anoka County*, 799 F.3d 931, 945 (8th Cir. 2015). Still, the Court is not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements or legal conclusions couched as factual allegations." *Id*. (internal quotation omitted).

## DISCUSSION

The ADA prohibits discrimination against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). "The ADA defines a disabled person as an individual with a physical or mental impairment that substantially limits one or more of that person's major life activities, an individual who has a record of such an impairment, or an individual who is regarded as having

such an impairment." *Scheffler v. Dohman*, 785 F.3d 1260, 1261 (8th Cir. 2015). *See also* 42 U.S.C. § 12102(1). "An individual may establish coverage under any one or more of these three prongs of the definition of disability." 29 C.F.R. § 1630.2(g)(2).

"An impairment is a disability . . . if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." 29 C.F.R. § 1630.2(j)(1)(ii). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2). "[A] major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." 42 U.S.C. § 12102(2)(B).

The Complaint alleges that Plaintiff is disabled "within each of the ADA's definitions of the word," meaning that Plaintiff claims he is "actually disabled," has a "record of" disability, and was "regarded as" disabled by Defendant. (Filing No. 1.) Defendant does not dispute for purposes of this motion that Plaintiff has sufficiently alleged that he was "regarded as" disabled by Defendant. However, Defendant argues that Plaintiff has failed to state a claim for relief under the ADA based upon either an "actual" disability or a "record of" disability. Defendant further maintains that because Plaintiff has no "actual" or "record of" disability to be accommodated, Plaintiff's failure to accommodate claim must be dismissed. The Court agrees with Defendant.

Plaintiff has not alleged any facts from which one could infer that his TIA substantially limits a major life activity. *See* *Lammers v. Coop Producers, Inc.*, No. 8:22CV65, 2022 WL 2108599, at *5 (D. Neb. June 10, 2022) (finding that the plaintiff's complaint failed to state an ADA claim where the complaint did not include "facts describing the nature of his disability and how such disability limit[ed] his major life activities"). Plaintiff has not alleged that he suffers from a condition or disorder that makes him prone to TIAs, or that his TIA impacted any major life activity, such as his ability to work. To the contrary, Plaintiff alleges that he "recovered completely, to the point he was released without restrictions by his doctors," and that restrictions

were not warranted. (Filing No. 1.) He also alleges that he is at less risk of sudden incapacitation than an average railroader. (Filing No. 1.) Plaintiff's Complaint does not contain sufficient factual matter, accepted as true, to plausibly allege an "actual" disability claim.

Plaintiff's claim that he has a "record of" disability fares no better. "Having a record of a qualifying impairment means that an employee 'has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities.'" *Taylor v. Nimock's Oil Co.*, 214 F.3d 957, 961 (8th Cir. 2000) (quoting 29 C.F.R. § 1630.2(k)). Again, Plaintiff has not identified or described any limitations affecting a major life activity. The Complaint alleges that restrictions were not warranted. Plaintiff's Complaint fails to state a "record of" disability claim under the ADA.

Plaintiff's suit may proceed as to his "regarded as" theory of disability. However, "[u]nder long-held precedent, 'regarded as' plaintiffs are not entitled to reasonable accommodations because the ADA was not intended to grant reasonable accommodations to those who are not actually disabled." *Duello v. Buchanan Cnty. Bd. of Sup'rs*, 628 F.3d 968, 972 (8th Cir. 2010). Because Plaintiff has not alleged facts that can support a plausible claim that he is "actually disabled" or has a "record of" being disabled, Plaintiff's failure to accommodate claim must be dismissed.

Accordingly,

**IT IS ORDERED** that Defendant's Partial Motion to Dismiss (Filing No. 6) is granted. This case shall proceed only as to Plaintiff's "regarded as" disability claim under the ADA. Plaintiff's failure to accommodate claim is dismissed.

Dated this 8th day of September, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge